# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLENDON JOE SELF )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-15-160-SPS |

## OPINION AND ORDER

The claimant Clendon Joe Self requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision is hereby REVERSED and REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Sec'y of Health & Human Svcs.*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1] Step One requires the claimant to establish that he is not engaged in substantial gainful activity. Step Two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born August 8, 1962, and was fifty years old at the time of the administrative hearing (Tr. 280). He has a high school education, some college, and has worked as a truck driver (Tr. 54, 88, 314). The claimant alleges he has been unable to work since June 27, 2001, due to morbid obesity, high blood pressure, edema in his legs, perforated hernia in his stomach, hepatitis C, depression, a blood clot in his lung, possible sleep apnea, surgery on his left hand in 2001 and 2002, surgery on left elbow and shoulder in 2001, and hip surgeries in 2001 and 2003 (Tr. 306).

**Procedural History**

On November 20, 2007, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434 (Tr. 280-84). His application was denied. ALJ Osly Deramus held an administrative hearing and determined that the claimant was disabled for a closed period from June 27, 2001, through February 9, 2004, in a written decision dated January 13, 2010 (Tr. 161-75). The Appeals Council remanded the case to the ALJ on August 12, 2012 (Tr. 180-83). ALJ Doug Gabbard, II held a second administrative hearing, and in a written opinion dated May 10, 2013, concurred that the claimant was disabled between June 27, 2001, and February 9, 2004, but was not entitled to a period of disability because his application was not filed within the appropriate time frame pursuant to 20 C.F.R. § 404.621. (Tr. 24-40) The ALJ then found the claimant was not disabled from February 10, 2004, through

December 31, 2006 (his date last insured), and that his date last insured was not eligible for extension pursuant to 20 C.F.R. § 404.30 (Tr. 24-40). The Appeals Council denied review, so the ALJ's written opinion represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at five of the sequential evaluation. For the period from February 10, 2004, though December 31, 2006, he found that the claimant had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), *i. e.,* he could lift/carry a maximum of ten pounds occasionally, and less than ten pounds frequently, could stand and/or walk two hours out of an eight-hour workday, and could sit six hours out of an eight-hour workday, but needed a sit/stand option throughout the workday, and could only occasionally climb, balance, stoop, kneel, crouch, and crawl (Tr. 34). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform in the regional and national economies, *e. g.*, surveillance system monitor, and cutter and paster (Tr. 38-39).

## Review

The claimant contends that the ALJ erred by failing to properly: (i) determine the claimant's date last insured, and (ii) question the vocational expert ("VE") as to the claimant's need for a sit/stand option. Because the ALJ *did fail* to properly identify frequency of the sit/stand option, the decision of the Commissioner is reversed and the case remanded for further proceedings.

Through December 31, 2006, the ALJ found that the claimant's degenerative disc disease/degenerative joint disease of the cervical spine status post fusion, status post left shoulder arthroscopy, obesity, and abdominal hernia were severe impairments, and that his left cubital tunnel release, left carpal tunnel release, infection at the iliac crest bone graft site, hepatitis C, gastroesophageal reflux disease, hypertension, cellulitis and dependent edema, congestive heart failure, pulmonary embolism, and sleep apnea were non-severe (Tr. 13-14).

At the most recent administrative hearing, the claimant testified that he began experiencing edema in his legs while he was attending vocational training courses between 2005 and 2007, and that he was permitted to alternate sitting and standing throughout each class (Tr. 57-58, 66). He stated the swelling in his legs is relieved by elevating them, which he does daily (Tr. 68-69). He further testified that he lost sixty-five pounds between 2010 and 2012, and has daily pain in his neck, left shoulder, left hand, and abdomen (Tr. 55-56, 59-60, 82). The claimant said he could do "very little," but that he does normal activities around the house and takes care of himself (Tr. 64). Specifically, the claimant stated he could reach overhead with his left arm if the object wasn't heavy, but could not lift his left arm to the side; could walk one-half of a mile; and could lift ten to fifteen pounds; but could not bend (Tr. 59-60, 69, 82-83). When asked if he could hold a sit-down job where he was allowed to sit and stand a "little bit," the clamant replied he would not know without trying, but that he is unable to sit or stand long, or walk far. (Tr. 64-65).

The ALJ called on VE Charles Edward Smith to testify. The ALJ discussed the claimant's past relevant work with the VE, then asked the following hypothetical:

> [L]et me have you assume that we have a hypothetical person who's the same age, education, and work experience as Mr. Self, and further assume that this person can perform sedentary work with only occasional climbing, balancing, stooping, kneeling, crouching, and crawling, with no overhead reaching, and he must be allowed the ability to alternately sit and stand throughout the workday. I know this person can't perform the claimant's past work, but are there jobs in the state or national economy which this person could do?

(Tr. 88-89). The VE responded that such a person could perform the jobs of surveillance monitor, and cutter and paster (Tr. 89). There was no further discussion of the sit/stand requirement for this hypothetical, and the ALJ ultimately adopted this RFC and found the claimant could perform these jobs (Tr. 34, 39).

In his written opinion, the ALJ summarized the claimant's testimony and much of the medical evidence. As relevant to this appeal, he noted the claimant received a certificate in a computer drafting class he attended every day for five to six hours per day between 2005 and 2007 (Tr. 36). He also noted the claimant's orthopedic surgeon, Dr. Conway, opined that the claimant should have a permanent restriction against lifting ten pounds frequently, twenty pounds occasionally, and all overhead reaching on February 9, 2004 (Tr. 37). The ALJ gave Dr. Conway's opinion great weight, but based on the claimant's obesity and abdominal hernia, limited the claimant to sedentary work (Tr. 37). He noted the state agency physicians recommended light work, but gave their opinions little weight (Tr. 37). The ALJ then determined that the claimant was not disabled.

Residual functional capacity is defined by the Social Security Regulations as what a claimant is capable of doing despite his mental and physical limitations. *See Davidson v. Secretary of Health & Human Services*, 912 F.2d 1246, 1253 (10th Cir. 1990), *quoting* 20 C.F.R. § 404.1545(a). RFC categories have been established based on the physical demands of various kinds of work in the national economy. *See* 20 C.F.R. § 404.1567. RFC is a medical assessment based primarily on medical findings such as symptoms, signs, and laboratory results. Additionally, medical and non-medical sources also must be considered in determining the RFC. *See* 20 C.F.R. § 404.1545(a). When the ALJ is assessing the RFC, he "must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (*i. e.*, eight hours a day, for five days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

In this case, the ALJ found that any work the claimant could perform given his physical limitations would require the claimant to "alternately sit and stand throughout the workday," but he did not specify the parameters of the sit/stand option (Tr. 34). The claimant argues that this was error under Soc. Sec. R. 96-9p, 1996 WL 374185, at *5 (July 2, 1996) ("An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing."). The Commissioner argues that this clearly means that the ability to sit and stand is "at

will," but the Court disagrees.  *See Verstraete v. Astrue,* 2013 WL 238193, at *5 (D.Kan. Jan.22, 2013) ("[T]he ALJ's RFC findings failed to specifically indicate the frequency of plaintiff's need to alternate sitting and standing. The court will not imply such a finding by the ALJ, especially given that any specific finding by the ALJ would have to be supported by evidence in the record.").  Furthermore, even if the Court could find that the sit/stand option included in the claimant's RFC was intended by the ALJ to be at will, it is unclear whether the VE understood this to be what the ALJ intended, and thus it is likewise unclear whether the claimant can perform the jobs found by the ALJ given the need to sit or stand at will throughout the workday.

**Conclusion**

In summary, the Court FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The Commissioner's decision is accordingly REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 28th day of September, 2016.

_____

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**